HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES S. FARR, on behalf of himself and all others similarly situated,

    Plaintiff,

    v.

PRIVATE ADVISORY GROUP, LLC, *et al.*,

    Defendants.

Case No. 16-1565-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendants Private Advisory Group, LLC ("PAG"), Douglas Reed Bean, S. Christopher Bean, and Jonathan David Bishop's Motion to Dismiss. Dkt. # 19. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

## II.   BACKGROUND

This is a securities class action. Plaintiff James S. Farr alleges that Defendants participated in and perpetrated a Ponzi scheme involving the sale of securities issued by Aequitas Holdings, LLC or its affiliated entities ("Aequitas"). Dkt. # 4 ("Am. Compl."). Aequitas, which is not named as a defendant in the instant matter, was the central player in the alleged Ponzi scheme. *Id.* When the scheme collapsed, the Securities Exchange Commission ("SEC") filed an enforcement action against Aequitas in the U.S.

ORDER – 1

District Court for the District of Oregon. *SEC v. Aequitas Mgmt., LLC*, No. 16-438-PK, Dkt. # 1.

On April 14, 2016, the District of Oregon entered an order establishing a receivership over Aequitas' assets. *Id.*, Dkt. # 156. The receivership order imposes a broad "Stay of Litigation" ("Litigation Stay"). *Id.* at 10. Among other things, the Litigation Stay applies to:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving . . . (b) any Receivership Property, wherever located; (c) any of the Receivership Entity . . . (such proceedings are hereinafter referred to as "Ancillary Proceedings").

*Id.* "Receivership Entity" is defined by reference to a list of entities that includes Aequitas. *Id.* at 2, 18. "Receivership Property" is defined to include "monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entity own, possess, have a beneficial interest in, or control directly or indirectly." *Id.* at 5. The Litigation Stay further provides that "[a]ll Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court." *Id.* at 10.

On October 6, 2016, several months following the entry of the Litigation Stay, Farr filed this lawsuit. As alleged in his complaint, Aequitas owns Defendant PAG through a subsidiary. Am. Compl. ¶ 16 ("Aequitas, though a subsidiary, owns an interest in PAG."); ¶ 4 ("PAG is a registered investment advisor in which Aequitas owns a controlling interest."); ¶ 26 ("Aequitas had a conflict of interest because it owns a controlling interest in PAG."); *id.* ("Aequitas owned a controlling interest in PAG.").

Based on the Litigation Stay, Defendants filed the instant motion requesting that the Court dismiss Farr's action under Federal Rule of Civil Procedure 41(b) because he

ORDER – 2

filed it in violation of the Litigation Stay. Dkt. # 19. In the alternative, Farr requests that the Court stay the action until the District of Oregon lifts the Litigation Stay. *Id.* Farr opposes the motion. Dkt. # 27.

### III.   DISCUSSION

#### A.   Scope of Litigation Stay

Defendants contend that PAG is "Receivership Property" subject to the District of Oregon's Litigation Stay. Farr contends that it is not because none of the defendants named in this action are identified by name in the District of Oregon's order.

The Court finds that the plain language of the Litigation Stay encompasses Farr's lawsuit. First, the Litigation Stay applies to all civil proceedings "involving . . . any Receivership Property, wherever located" (*Aequitas Mgmt., LLC*, No. 16-438-PK, Dkt. # 156 at 10). Second, the term "Receivership Property" is broadly defined to include property interests such as a controlling stake in a company (*see id.* at 5). Third, Farr himself alleges that PAG is owned by Aequitas (Am. Compl. ¶¶ 4, 16, 26). Because PAG qualifies as "Receivership Property," this lawsuit falls squarely within the Litigation Stay.

Having found that this action is among the civil proceedings sought to be enjoined by the District of Oregon, the remaining issue is whether either of the remedies proposed by Defendants is appropriate: (1) involuntary dismissal under Rule 41(b); or (2) a stay of this action pending the duration of the Litigation Stay.

#### B.   Involuntary Dismissal Under Rule 41(b)

Defendants contend that Farr's action should be involuntarily dismissed under Rule 41(b) because Farr filed this action in violation of the Litigation Stay and, by doing so, violated a court order.

Upon motion by a defendant, Federal Rule of Civil Procedure 41(b) permits the Court to dismiss a case where a plaintiff has failed to "comply with . . . a court order." Fed. R. Civ. P. 41(b). "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Dahl v. City of Huntington Beach*, 84 F.3d

ORDER – 3

363, 366 (9th Cir. 1996) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)).

Putting aside the question of whether filing this action constitutes a failure to comply with a court order with the meaning of Rule 41,[1] Farr's decision to file this lawsuit is not an "extreme circumstance" sufficient to invoke the harsh penalty of involuntary dismissal. *Dahl*, 84 F.3d at 366. Farr filed this lawsuit to obtain relief from alleged securities fraud perpetrated by Defendants. Even if he did so in violation of the Litigation Stay, dismissal would not be a proportionate sanction.

### C.    Request for Stay

As an alternative to dismissal, Defendants contend that Farr's action should be stayed until the expiration of the Litigation Stay.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. When considering a motion to stay, the district court weighs three factors: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

---

[1] The Litigation Stay was issued by the District of Oregon, not the Western District of Washington. Defendants do not cite—and the Court is unaware of—authority standing for the proposition that failure to comply with the order of a separate court can trigger the penalty of dismissal under Rule 41.

ORDER – 4

Applying these factors, the Court finds that a stay is appropriate. The orderly course of justice weighs heavily in favor of staying Farr's lawsuit. The District of Oregon appointed a receiver and established a receivership for the purpose of managing and preserving property implicated in the SEC action. To further that purpose, the court imposed a broad Litigation Stay. Given that PAG is among the property sought to be preserved by the receivership, permitting this lawsuit to proceed would compromise the effectiveness of the court's order. As for projected end date for the SEC action, the Court is well aware that the task of resolving a complex securities matter is time consuming. In this context, however, the Court has no reason to presume that this amount of time will become unreasonable in relation to the urgency of Farr's claims.

A stay, of course, may impact Farr financially by preventing him from recovering the damages to which he claims entitlement from Defendants. With PAG's property subject to the control of the receiver, there is a risk that its assets will diminish to the point that Farr will not obtain the relief he seeks. This risk, however, cannot justify permitting Farr to subvert the District of Oregon's Litigation Stay, which was imposed for the purpose of preserving all assets implicated in the SEC's enforcement action. Moreover, if after the issuance of this Order Farr continues to contend that the PAG assets are not (or should not be) frozen in the receivership, he may request to intervene in the District of Oregon matter and request clarification and/or modification of the Litigation Stay. Because the orderly course of justice outweighs any risk of financial harm to Farr and there is no reason to speculate that an unreasonable amount of time will pass before the SEC action concludes, the Court grants Defendants' alternative request for a stay.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. Dkt. # 19. Until further order, the Court hereby **STAYS** this matter and removes it from the Court's active caseload. **Within ninety (90) days**

ORDER – 5

**from the date of this Order**, the parties shall file a status report that updates the court on any relevant developments in *SEC v. Aequitas Mgmt., LLC*, No. 16-438-PK. Should there be any significant developments prior to the expiration of ninety (90) days, the parties are permitted to file a motion to lift the stay on that basis.

DATED this 24th day of February, 2017.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6